**IT IS ORDERED as set forth below:**

Date: January 11, 2016

_____
**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

IN RE:

| | | |
|---|---|---|
| **BEEHIVE BEAUTY SCHOOL, LLC** | ) | **CHAPTER 11** |
| Debtor. | ) | |
| | ) | **CASE NO. 15-56423-BEM** |

### ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

The Disclosure Statement and Plan of Reorganization under Chapter 11 of the Bankruptcy Code were filed by the Debtor on August 31st, 2015. [Doc. No. 47] and [Doc. No. 46] respectively. There were some edits to the Disclosure Statement whereby on November 11th, 2015 the Final Disclosure Statement was filed [Doc. No. 65] The Disclosure statement was approved by Order of the Court on November 19th, 2015, [Doc No. 66].

A copy of the Final Plan and Final Disclosure Statement, together with notice of hearing and ballot were transmitted to all creditors and equity security holders on November 21st, 2015. The Certificate of Service reflecting the same was filed as [Doc. No. 68]. As of December 28th, 2015, (the deadline to file ballots), all impaired parties that filed a ballot, voted for the Plan. The Summary of Votes was filed on December 30th,

1

2015. [Doc No. 72]  The Confirmation Hearing was held on January 6th, 2016 at 11:00am where counsel for Debtors made a proffer pursuant to the provisions of 11 U.S.C. § 1129 (a) and (b). No objections were filed or argued by any parties in interest.

    The Court now makes the following findings:

1. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law;

2. The Plan and the proponent thereof have complied with applicable provisions of the Bankruptcy Code;

3. The Plan has been proposed in good faith and not by any means forbidden by law;

4. Each holder of a claim or interest has either accepted the Plan or will receive or retain at least the liquidation value of its claim or interest thereunder;

5. Each class of claims or interests either has accepted the Plan or is not impaired thereunder;

6. All payments made or promised by the Debtor, by persons issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable; the identity, qualifications, and affiliations of the persons who are to be directors or officers, or voting trustee, if any, of the Debtor after confirmation of the Plan, have been fully disclosed and the appointment of such persons to such offices, or their continuation therein, is equitable and consistent with the interests of the creditors and equity security holders and with public policy;

7. The identity of any insider that will be employed or retained by the Debtor and such insider's compensation have been fully disclosed;

8. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor, or any successor to the Debtor under the Plan;

9. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of same on the Effective Date of the Plan.

10. All transfers of Property shall be made in accordance with all applicable

provisions of non-bankruptcy law that governs the transfer of property.

Having found that the Plan meets the requirements for confirmation set forth in 11 U.S.C. § 1129(a), and, to the extent requested by the Debtors, in 11 U.S.C. § 1129(b), it is hereby

**ORDERED** Notwithstanding any language in the confirmed plan to the contrary, this Court will retain only such jurisdiction in this case as it is required to retain under the Bankruptcy Code and Rules. It is

**FURTHER ORDERED**, that within 120 days from the entry of this Order, the Debtor shall file a report stating whether the estate has been fully administered within the meaning of Bankruptcy Rule 3022 and setting forth a list of all fees and expenses paid to all professionals including attorneys for the debtor, the trustee, and the trustee's attorney, together with an application for final decree closing the case.

**[END OF DOCUMENT]**

**[SIGNATURES ON FOLLOWING PAGE]**

Prepared and presented by:
/s/
Evan M. Altman
Attorney for Debtor
Georgia Bar No. 014066
Northridge 400
8325 Dunwoody Place
Building Two
Atlanta, GA 30350
770-394-6466


No Opposition
/s/ with expressed permission to EMA
David Weidenbaum
Attorney for the United States Trustee
Georgia Bar No., 745892_____
Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
404-331-4437

4

## DISTRIBUTION LIST

David Weidenbaum, Esq.,
Office of United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA  30303

Ms. Barbara Dingler, Newton County Tax Commissioner
1113 Usher Street, Suite 101
Covington, Georgia 30014

Samuel Arden, Esq.,
Kristen Yadlosky, Esq.,
Hartman, Simons & Wood LLP
6400 Powers Ferry Road, NW
Suite 400
Atlanta, GA 30339

Evan M. Altman, Esq.,
Northridge 400
8325 Dunwoody Place
Atlanta, GA 30350

Sandra Walden, President
Beehive Beauty School LLC
7207 Turner Lake Road, NW
Covington, GA 30014
[
Ms. Sandra Walden,
5268 Salem Road
Covington, GA 30014

Auto Owners In-Rivers Insurance
P.O. Box 1612
Jackson, AR 30233-0032

Credit Control LLC
Suite 330
5757 Phantom Drive
Hazelwood, MO 63042-2429

Discover
P.O. Box 71084
Charlotte, NC 28272-1084

Can Capital
Building 500
2015 Vaughn Road NW
Kennesaw, GA 30144-7831

Internal Revenue Service
Centralize Insolvency
P.O. Box 7364
Philadelphia, PA 19101-7346

IOU Central
Suite 140
600 Townpark Lane
Kennesaw, GA 30144-3736

Macys
P.O. Box 68914
Des Moines, IA 50368-9194

Quantum Servicing Corp
Suite 300
6302 East MLK blvd
Tampa, FL 33619-1166

Sears
P.O. Box 6283
Sioux Falls, SD 57117-6283

Small Business Administration
P.O. Box 740192
Atlanta, GA 30374-0192

U. S. Securities and Exchange Commission
Office of Reorganization
Suite 900
950 East Paces Ferry Road NE
Atlanta, GA 30326-1382